IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN B. CASTELLI ) | |
| Individually and on behalf a group of others ) | |
| similarly situated, ) | |
| Plaintiff, ) | 2:09-cv-1513 |
| ) | |
| v ) | |
| UPMC, UPMC WORK PARTNERS, and UPMC ) | |
| WELFARE BENEFITS PLAN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court are: DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO AMEND ALLEGATIONS AND RESPOND TO DEFENDANTS' DISCOVERY REQUESTS AND FURTHER MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (Document No. 31) and PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Document No. 32). The parties have thoroughly briefed the motions (Document Nos. 33-36) and they are ripe for disposition.

Defendants' motion actually addresses three separate topics: (1) a motion to compel Plaintiff to file an Amended Complaint to withdraw all class action allegations; (2) a motion to compel Plaintiff to respond to outstanding discovery requests; and (3) an extension of the discovery deadline until March 19, 2011 to enable Defendants to address any new issues raised in the Amended Complaint. Defendants also seek to recover the attorney fees it incurred in connection with this motion. In response, Plaintiff contends that the motion to compel the filing of an Amended Complaint is moot because she has now filed her motion to do so. Plaintiff contends that the motion to compel discovery responses was filed prematurely – in that Plaintiff's counsel was on vacation and notified counsel for Defendants that responses would be forthcoming.

Plaintiff further contends that Defendants' request is moot because the discovery responses have now been filed. Defendants acknowledge that discovery responses have been filed but contends that they are incomplete in various respects.[1] Finally, Plaintiff consents to the requested 60-day extension of the discovery deadline, and notes that such an extension will enable the parties to mediate the case. The Court agrees with Plaintiff that Defendants' motions to compel are moot. However, in light of the amendment to the complaint, the Court will extend the discovery deadline as requested by both sides. Defendants' request for attorney fees is unwarranted.

Plaintiff's motion seeks leave to file a Second Amended Complaint to withdraw the class action allegations and to add UPMC Senior Communities and UPMC Cranberry Place as Defendants. The proposed Second Amended Complaint is attached to the motion. Defendants argue that the Court should deny Plaintiff's attempt to add new parties, on the basis that they never consented to this amendment. In reply, counsel for Plaintiff has submitted an email to defense counsel, which explained --clearly and explicitly -- that the amendments "include additional employer - defendants, ie. UPMC Senior Communities and UPMC Cranberry Place." Moreover, the joinder of the new entities comports with an affidavit from the Corporate Secretary of UPMC regarding the identity of Plaintiff's actual employers. Further, there is no apparent statute of limitations issue with respect to the proposed new Defendants. Accordingly, the Court is not persuaded by Defendants' objections. Plaintiff will be granted leave to file the Second Amended Complaint.

In accordance with the foregoing, DEFENDANTS' MOTION TO COMPEL PLAINTIFF

---

1 Defendants have attempted to raise substantive objections to the newly-filed discovery responses in their Reply Brief. This is inappropriate. Counsel has not provided a Discovery Dispute Certification as required by Local Rule 37.1 and Plaintiff will not have a fair opportunity to respond to Defendants' new allegations. Indeed, pursuant to this chambers' Practices and Procedures, Plaintiff is not even permitted to file a sur-reply without leave of court. If Defendants seek to challenge the responses, they must do so in a properly filed Motion to Compel – after complying fully with their "meet and confer" obligations.

TO AMEND ALLEGATIONS AND RESPOND TO DEFENDANTS' DISCOVERY REQUESTS AND FURTHER MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (Document No. 31) is **GRANTED IN PART AND DENIED IN PART**, as follows: the discovery deadline is hereby extended until Friday, March 18, 2011, on which date a post-discovery status conference is rescheduled at 9:45 a.m.; Defendants' motion is DENIED in all other respects. PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Document No. 32) is **GRANTED** and Plaintiff shall file her Second Amended Complaint on or before January 19, 2011. The caption is amended to read as follows:

| | |
|---|---|
| **KATHLEEN B. CASTELLI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) 2:09-cv-1513 |
| v. | ) |
| | ) |
| **UPMC, UPMC SENIOR COMMUNITIES, UPMC CRANBERRY PLACE, UPMC WORK PARTNERS, and UPMC WELFARE BENEFITS PLAN,** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

SO ORDERED this 12th day of January, 2011.

BY THE COURT:

s/    Terrence F. McVerry
United States District Court Judge

cc:    Gregory G. Paul, Esquire
       Email: gregorygpaul@gmail.com

       James B. Brown, Esquire
       Email: jbrown@cohenlaw.com
       Larry K. Elliott, Esquire
       Email: lelliott@cohenlaw.com